# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**EDWARD JAMES HOPSON**                                                                                                 **PLAINTIFF**

**V.**                          **CAUSE NO. 3:19-CV-664-CWR-LRA**

**SAFEWAY INSURANCE AGENT CLINT COOPER ET AL.**            **DEFENDANT**

## ORDER

Before the Court is the defendant's motion to dismiss. The plaintiff has responded and the matter is ready for adjudication.

On March 3, 2019, Edward James Hopson's vehicle was broken into and vandalized while parked at his home in Meridian, Mississippi. Three weeks later, when the car stalled, Hopson discovered that the vandal(s) had put sugar and water in his gas tank. He later confirmed that with his mechanic.

Hopson filed a claim with his auto insurer, Safeway Insurance. Safeway denied the claim. It asserted, apparently, that the damage was caused by "wear and tear" or that the vehicle was a "lemon."

Hopson subsequently filed this verified complaint against "defendants Clint Cooper et al." He alleged that the defendant – no one other than Cooper was named – is liable to him for racially-motivated insurance denial, for "bad faith," and for breaking a promise to policy holders. Hopson seeks $10,000 in compensatory damages and $50,000 in punitive damages. The present motion to dismiss followed shortly thereafter.

The legal standard is well-established. A complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quotation marks and citation omitted). "A *pro se* complaint is to be

construed liberally with all well-pleaded allegations taken as true. Even a liberally construed *pro se . . .* complaint, however, must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citations omitted).

On review, Cooper's arguments for dismissal must be granted in part and denied in part, as follows:

First, Hopson has sufficiently invoked a cause of action giving this Court federal question jurisdiction. Plaintiffs who claim racially-discriminatory insurance denials have invoked 42 U.S.C. § 1981, a statute that "protects the rights of individuals to make and enforce contracts regardless of race." *Connectors Realty Grp. Corp. v. State Farm Fire & Cas. Co.*, No. 19-C-743, 2019 WL 5064699, at *5 (N.D. Ill. Oct. 9, 2019) (quotation marks and citation omitted). Plaintiffs do not need to expressly cite the statute to seek its protection. *See Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

"To establish a § 1981 claim for contractual discrimination, Plaintiffs must allege that (1) they are members of a racial minority; (2) Defendants intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute—here, making a contract." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (citations omitted).

Hopson's complaint fails to meet parts (2) and (3) of this standard.

First, his allegations about racial discrimination are too general to show that anyone intended to discriminate on the basis of race. Hopson merely alleges that his claim was denied because of his race and that it is "obvious." Docket No. 1-5. But, case law from this Circuit indicates that Hopson needs something more than naked allegations. *Body by Cook*, 869 F.3d at 387. One way he could allege discriminatory motive, for example, is through circumstantial

evidence, like a description of how "similarly situated [persons] were treated differently." *Id*. at 387.

The Illinois case cited above illustrates the problem. There, the court found that one plaintiff failed to state a § 1981 claim when he alleged that State Farm "called him a liar, gave him a hard time regarding his financial documents, and subjected him to an examination under oath." *Connectors Realty*, 2019 WL 5064699, at *6. That was poor treatment, but it was not racist treatment. In contrast, a different plaintiff in that case *did* state a claim when he alleged that State Farm's agent "used terms such as 'homey' and 'you people' to refer to African Americans," and when the plaintiff explained how that agent's racial animus "was connected to State Farm's processing of the[] claims, since they were all treated as presumptively fraudulent and remain unpaid either in full or in part." *Id.* But no such allegations are made here.

Second, Hopson's complaint fails to meet part (3) of the applicable standard. His insurance contract was with Safeway—not Cooper. To the extent he was subjected to racial discrimination in the breaking of a contractual promise, it was Safeway's contract to break, not Cooper's.

It is not clear if Hopson will be able to amend his complaint to overcome these defects. But the law says he should be given an opportunity to do so, and present his "best case." *Clay v. Epps*, No. 2:06-CV-56-KS-MTP, 2006 WL 2669470, at *4 (S.D. Miss. Sept. 18, 2006) ("As these allegations, 'if developed, might state valid civil rights claims,' dismissal of the complaint without allowing the plaintiff an opportunity to amend it to state his best case . . . is premature.") (collecting cases).

Accordingly, Cooper's motion to dismiss is granted in part, and the Court grants Hopson an opportunity to amend his complaint as he sees fit. His amended complaint is due to the Clerk

of Court on or before February 18, 2020. If no amended complaint is received by then, this case will be dismissed.

**SO ORDERED**, this the 13th day of January, 2020.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE